United States District Court
Southern District of Texas
FILED

MAR 1 1 2011

David J. Bradley, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

UNITED STATES OF AMERICA, §
v. § CASE NO. L -05-1659
FIDEL TORRES, JR., §

MOTION TO UNSEAL SPECIFIED COURT DOCUMENTS AND
TRANSCRIPTS AND FOR PRODUCTION OF SAME

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Fidel Torres, Jr., herein the Movant acting in pro se, and submits this his motion to unseal certain documents and transcripts and for production to the Movant, and in support thereof he would show the Court as follow:

I.

Movant moves before the Court pursuant to Fed.R.Civ.Proc. Rule 5.2(h) to unseal, and Rule 34 for production of same specified documents and transcripts, and if Movant has cited the wrong Rules for same whatever may be the appropirate vehicle for unsealing and and producing same.

II.

Movant is entitled to said documents and transcripts in order to prepare an adequate §2255 by pointing to certain points of law that entitles him for relief.

A defendant can always move before the court with a §2255 to

contest an illegal conviction and sentence. It has been noted that an illegal sentence can still be challenged under 28 U.S.C. §2255 for habeas corpus relief, so a defendant is not entirely without recourse from an erroneous sentence. See <u>U.S. v. Rutan</u>, 956 F.2d 827, 830 (8th Cir. 1992). Furthermore, §2255 provides in part: "A prisoner is custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imopsed the sentence to vacate, set aside or correct the sentence." Thus, a defendant cannot waive a constitutional or jurisdictional issue. But, first this Court must unseal and produce the requested documents as listed below. He is entitled to same for litigating purposes. See <u>Hardy v. United States</u>, 11 L.Ed.2d 331 (1964).

III.

Only through unsealing and production of said documents would Movant be able to show that he is "actually innocent" of the offense and sentence.

He can never be late to challenge such an illegal conviction and sentence, nor can he ever waive to challenge such an illegal conviction and sentence. <u>Engle v. Issac</u>, 71 L.Ed.2d 783 (1982). "The principle of finality "must yield to the imperative of correcting a fundamentally unjust incarceration." Movant is serving a

2.

nonexistent offense, conviction and sentence. Even this Court advised Movant to seek legal assistance once in prison and "you be able to find an issue that will bring you back to court and get some time reduced. Again, only through unsealing and producting the below specified documents and transcripts can prepare an adequate §2255 motion to challenge the conviction and sentence.

Movant herein request the following court documents. A copy of the testimony of the following witnesses who tesified for the government:

1. Clyde Dale, 2. Reymundo Enriques, 3. George Ennesser, 4. Jose Arturo Vergara, 5. A brief colleguy between Judge Kazan and Clyde Dale surrounding the amount of drugs tested, and 6. A copy of the Sentencing Transcript.

On November 13, 2002, Movant was arrested, and indicted on December 3, 2003 under Cause No. <u>5:02-CR-01632-1</u>, and charged with:

> Conspiracy to possess with intent to distribute a
> quantity in excess of 1000-Kilograms of marijuana.
> Count-1 in violation of Title 21 U.S.C. §846.
> Possession with intent to distribute approimately
> 3115 pounds of Marijuana.
> Count-2, in violation of 21 U.S.C. §841(A)(1).

On January 23, 2003, the government filed a motion requesting the Court dismiss the indictment against Movant, and closed the case.

On July 19, 2005, two and half (2½) years later, after the dismissal of the charges against Movant he was indicted again with 6 other persons, and Movant was charged with the same two counts under the new indictment Cause No. <u>L-05-1659</u>.

3.

## CONCLUSION

WHEREFORE, Movant prays the Court unseal any of the requested court documents/transcripts, and so provide copies to the Movant. A great injustice was committed against him, and only through production of said documents/transcripts can he adequately prepare a §2255 motion.

Dated: 3-8-  , 2011.

Respectfully submitted,

*Fidel Torres JR*
Fidel Torres
Reg. No. 47740-079
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

I declare under penalty of perjury pursuant to Title 28 U.S.C. 1746 that the above stated is true and correct to my own personal knowledge and belief.

*Fidel Torres JR*
Fidel Torres

Fidel Torres
Reg. No. 477740-079
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

LEGAL MAIL

United States District Court
Southern District of Texas
RECEIVED
MAR 11 2011
David J. Bradley, Clerk
Laredo Division

Michael N. Milby, Clerk
OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
1300 VICTORIA STREET
SUITE 1131
LAREDO TX 78040